# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | ROBERT W. GETTLEMAN | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 7970 | **DATE** | 4/10/2013 |
| **CASE TITLE** | Floyd Gifford (#M-24439) vs. State of Illinois, et al. | | |

**DOCKET ENTRY TEXT:**

The clerk is directed to: (1) file the second amended complaint; (2) terminate Marna Ross as a defendant pursuant to the second amended complaint and Fed. R. Civ. P. 15; (3) add HCU Administrator Royce Brown-Reed and Dr. Obasi as defendants; (3) issue summonses for service of the second amended complaint on the defendants by the U.S. Marshal; and (4) send the plaintiff another copy of the court's filing instructions. **The plaintiff is once again reminded that he must (1) provide the court with the original plus a judge's copy of every document filed, and (2) include a certificate of service with every court filing showing that a copy was mailed to opposing counsel.** The status conference previously scheduled for April 18, 2013, at 9:00 a.m. is vacated and re-set to June 6, 2013, at 9:00 a.m.

■ [For further details see text below.]      **Docketing to mail notices.**

## STATEMENT

    The plaintiff, an Illinois state prisoner, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The plaintiff claims that health care providers at the Stateville Correctional Center acted with deliberate indifference to his medical needs. More specifically, the plaintiff alleges that he received inadequate care and treatment for a condition that turned out to be scabies, a parasitic skin infection. The plaintiff has belatedly submitted a second amended complaint as directed. *See* Minute Order of February 20, 2013.

    Under 28 U.S.C. § 1915A, the court is required to conduct a prompt threshold review of the second amended complaint. Here, accepting the plaintiff's allegations as true, the court finds that he has articulated a colorable federal cause of action against Stateville's health care unit administrator and staff physician for allegedly ignoring his medical request slips. Correctional officials and health care providers may not act with deliberate indifference to an inmate's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Fields v. Smith*, 653 F.3d 550, 554 (7th Cir. 2011). The fact that a prisoner received **some** medical treatment does not necessarily defeat his claim; deliberate indifference to a serious medical need can be manifested by "blatantly inappropriate" treatment, *Greeno v. Daley*, 414 F.3d 645, 654 (7th Cir. 2005) (emphasis in original), or by

**(CONTINUED)**

mjm

"woefully inadequate action" as well as by no action at all. *Reed v. McBride*, 178 F.3d 849, 854 (7th Cir. 1999). It should be noted that neither medical malpractice nor a mere disagreement with a doctor's medical judgment amounts to deliberate indifference. *Berry v. Peterman*, 604 F.3d 435, 441 (7th Cir. 2010); *Estelle*, 429 U.S. at 106; *Greeno*, 414 F.3d at 653. Nevertheless, the plaintiff's allegations of deliberate indifference state an arguable claim against prison health care providers. The court makes no finding as to whether the plaintiff's claims against the newly named defendants may be time-barred. *But see Worthington v. Wilson*, 8 F.3d 1253, 1256-57 (7th Cir. 1993); *see also Wood v. Worachek*, 618 F.2d 1225, 1230 (7th Cir. 1980).

However, Warden Marcus Hardy is dismissed as a defendant on preliminary review pursuant to 28 U.S.C. § 1915A. The plaintiff has alleged no facts suggesting Hardy's direct, personal involvement, as required by *J.H. ex rel. Higgin v. Johnson*, 346 F.3d 788, 793 (7th Cir. 2003), *inter alia*. Nor has the plaintiff indicated that the alleged violation of his constitutional rights occurred at Hardy's direction or with his knowledge and consent. *Id.* Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under § 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted). The doctrine of *respondeat superior* (blanket supervisory liability) does not apply to actions filed under 42 U.S.C. § 1983. *See, e.g., Kinslow v. Pullara,* 538 F.3d 687, 692 (7th Cir. 2008). Because the plaintiff has failed to offer any facts alleging that Hardy was personally involved in–or even aware of–the alleged circumstances giving rise to the complaint, Hardy is dismissed as a defendant in this matter.

The clerk shall issue summonses forthwith for service of the second amended complaint on defendants Obasi and Brown-Reed. The United States Marshals Service is appointed to serve the defendants. Any service forms necessary for the plaintiff to complete will be sent by the Marshal as appropriate to serve the defendants with process. The U.S. Marshal is directed to make all reasonable efforts to serve the defendants. If either defendant can no longer be found at the work address provided by the plaintiff, the Illinois Department of Corrections and/or Wexford Health Sources, Inc., shall furnish the Marshal with the defendant's last-known address. The information shall be used only for purposes of effectuating service [or for proof of service, should a dispute arise] and any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the court file, nor disclosed by the Marshal. The Marshal is authorized to mail a request for waiver of service to the defendants in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service.

Finally, the plaintiff is once again reminded that he must provide the court with the original plus a complete judge's copy, including any exhibits, of every document filed. In addition, the plaintiff must send an exact copy of any court filing to the defendants [or to defense counsel, once an attorney has entered an appearance on behalf of the defendants]. *See* Minute Orders of October 17, 2012, November 16, 2012, and February 20, 2013. In the future, the court may strike without considering any document filed that fails to comport with these basic filing requirements.